# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GENE BELFIELD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15CV1153 AGF |
| STATE OF MISSOURI, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 519994), an inmate at South Central Correctional Center ("SCCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.72. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the federal claims in the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent that there are any state law claims encompassed in the complaint, the Court will decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $73.61, and an average monthly balance of $12.03. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.72, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, Michael Gene Belfield, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff has named twenty-six (26) defendants in this action, made

up of individuals employed by the State of Missouri, Washington County Missouri, Franklin County Missouri, and the Missouri Highway Patrol.[1]

Plaintiff has also specifically named the employers themselves as defendants in this action, including the State of Missouri, Franklin County, Washington County, the Franklin County Sheriff's Office, the Missouri Highway Patrol, Franklin County Prosecutor's Office and Missouri Highway Patrol at Park Hills. In addition, plaintiff has named Governor Jeremiah "Jay" Nixon, Judge Gael Woods, Prosecutor Robert Parks, Asst. Prosecutor Maren Mellum Briegel and Sheriff Gary Tolke.

Plaintiff's claims center around his arrest/parole revocation in 2003 for murder in the first degree and armed criminal action. He was tried by a jury in the Circuit Court of Franklin County and found guilty on May 17, 2006. On July 17, 2006, the Court sentenced plaintiff to life without parole on the murder charge and three years' imprisonment on the armed criminal action charge, to be served concurrently. *See State v. Belfield*, Case No. 03CR332506 (20th Judicial Circuit, Franklin County). Plaintiff filed a direct appeal of his conviction and sentence with the Missouri Court of Appeals immediately after his conviction and sentence. His appeal was denied by the appellate court on August 7, 2007. *See State v. Belfield*, 230 S.W.3d 635 (Mo.Ct.App. 2007). [2]

---

[1] These defendants are: Jason Grellner (Detective); Tom Thacker (Detective); Dan Haley (Detective); Unknown Hartwig; Kathy Guenther (Lieutenant); Maxine Eckelcamp; Scott Reed (Corporal); Unknown Dochterman (Corporal); Russell Rost; Shawn Mackelprang (Asst. Attorney General); John Smith (Washington County Parole Officer); Leonard De Shurley; and Doughlas Winholt.

[2] On January 8, 2008, plaintiff filed his motion to vacate his conviction pursuant to Missouri Supreme Court Rule 29.15. *See Belfield v. State*, Case No. 08AB-CC00009 (20th Judicial Circuit, Franklin County). The Court denied plaintiff's motion as untimely on February 1, 2008. Plaintiff filed various motions for reconsideration of the dismissal of his motion to vacate, which the trial court denied. *Id.* Plaintiff then filed an appeal of the denial of his motion to vacate, on March 28, 2009. Plaintiff failed to follow the rules of appellate procedure, and it was dismissed by the appellate court on September 24, 2008. *See Belfield v. State*, Case No. ED91156 (Mo.Ct.App. 2008).

Plaintiff has filed a ten-count complaint in this action, alleging violations of numerous civil rights by defendants. In Counts I-V of his complaint, plaintiff asserts that "police" and "prosecutors" destroyed and "suppressed" evidence in his criminal trial in 2006 and was "part and parcel of malicious prosecution." He asserts that both parties [prosecutors and the police] knew that the main witnesses in the case, Chuck Belfield and Deborah Johnson, lied on the stand, and he claims that they purposely ignored evidence that suggested his innocence and recklessly or intentionally failed to investigate other guilty parties.

Plaintiff also alleges that the police and prosecution fabricated evidence to gain his conviction and ignored evidence that suggested his innocence. Plaintiff asserts that he was the subject of a malicious prosecution, and he asserts that numerous persons engaged in a conspiracy to deny him his due process rights.

In Count VI, plaintiff asserts that it is the "custom and habit" of police, prosecutors and judges in criminal actions to engage in such a conspiracy to violate the rights of those, like plaintiff, who have been accused of crimes.

In Count VII, plaintiff claims that he was subjected to false arrest when his parole officer "illegally assisted" the Washington County and Franklin County Sheriff's Office by falsifying as

---

On July 6, 2009, plaintiff filed, in the trial court, a motion to reinstate his original Rule 29.15 motion. In that motion he alleged, for the first time, abandonment of counsel in the post-conviction process. On July 14, 2009, the trial court denied plaintiff's motion. *See Belfield v. State*, Case No. 08AB-CC00009 (20th Judicial Circuit, Franklin County). Plaintiff appealed the denial of his motion to reinstate the motion to vacate, on August 19, 2009. *See Belfield v. State*, Case No. ED93559, 307 S.W.3d 680 (Mo.Ct.App. 2010). The case was submitted on the briefs for a finding on plaintiff's abandonment of counsel defense, and the trial court's findings were affirmed on March 16, 2010. Plaintiff's motion for hearing/transfer to the Missouri Supreme Court was denied on April 19, 2010. *Id.* The mandate was issued on May 11, 2010. Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on July 1, 2015. *See Belfield v. Bowersox*, 4:15CV1063 RLW (E.D.Mo.). This Court ordered plaintiff to show cause why his petition should not be dismissed for untimeliness on October 8, 2015. The petition for writ of habeas corpus was denied and dismissed for untimeliness on January 26, 2016. *Id.*

urinalysis as "dirty" in a conspiracy to deny parole. Plaintiff asserts that because of this action, he was subjected to an illegal search of his residence.

In Count VIII, plaintiff claims that prosecutor Robert Parks "defamed" him prior to his criminal trial by releasing statements to the public newspapers that prejudiced the jury and denied plaintiff the right to a fair trial.

In Count IX and X, plaintiff asserts that "defendants" and the State of Missouri are in violation of "the International Covenant on Civil and Political Rights" and "the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatments" by holding him in slavery or involuntary servitude.

In his request for relief, plaintiff seeks actual damages in excess of $100 million dollars and punitive damages in excess of $1 billion.

**Discussion**

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Thus, the majority of plaintiff's constitutional claims are subject to dismissal, pursuant to the doctrine espoused in *Heck v. Humphrey*.

However, this Court acknowledges that some § 1983 claims, such as those attributable to an allegedly unreasonable search, may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply

that the plaintiff's conviction was unlawful. *See Moore v. Sims*, 200 F.3d 1170 (8th Cir. 2000). Although it could be that plaintiff's unlawful seizure and malicious prosecution claims fall in this category, plaintiff's claims cannot survive in this case because they are time-barred.

In *Wallace v. Kato*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." 549 U.S. 384, 397 (2007). The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388.

In this case, plaintiff was detained, and his statute of limitations began to run, in 2003.[3] The statute of limitations on a § 1983 claim in Missouri is five years. *See Sulik v. Taney County, Mo.,* 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Thus, plaintiff's claims against defendants pursuant to § 1983 that are not *Heck*-barred, are barred by the statute of limitations, which ran out in 2008. Plaintiff is over seven (7) years late in bringing his claims to this Court.

Thus, in conclusion, plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against defendants, for violations of his civil rights, and for "slavery" and "involuntary servitude," are subject to dismissal pursuant to the doctrine of *Heck v. Humphrey* 512 U.S. 477 (1994) and as time-barred under the five-year statute of limitations in Missouri. *See* 28 U.S.C. § 1915(e)(2)(B). To the extent that plaintiff has brought any state-law claims against defendants, the Court will decline to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3).

---

[3] Plaintiff's claims that defendants created evidence against him, unlawfully withheld evidence and assisted witnesses in testifying falsely at his trial also appear to be *Heck*-barred. However, to the extent that these claims are not barred by *Heck*, the latest these claims could accrue would have been at the time of plaintiff's criminal trial in 2006, and are therefore also barred by the five-year statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $14.72 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff has brought any state-law claims against defendants, the Court will decline to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of February, 2016.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE